Dear Mr. Wilson:
This is in response to your request for an official opinion from this office concerning the following question:
 If a premise is already licensed by someone to sell intoxicating liquor or non-intoxicating beer for consumption on the premises, can a temporary caterers permit be issued to someone else for this premise, considering that all other requirements of Section 311.485, RSMo 1978, are met?
A temporary caterer's permit is issued pursuant to § 311.485, RSMo 1978, which provides as follows:
 1. The supervisor of liquor control may issue a temporary permit to caterers and other persons holding licenses to sell intoxicating liquor by the drink at retail for consumption on the premises pursuant to the provisions of this chapter who furnish provisions and service for use at a particular function, occasion or event at a particular location other than the licensed premises, but not including a `festival' as defined in chapter 316, effective for a period not to exceed one hundred twenty consecutive hours, which shall authorize the service of alcoholic beverages at such function, occasion or event during the hours at which alcoholic beverages may lawfully be sold or served upon premises licensed to sell alcoholic beverages for on-premises consumption in the incorporated city in which is located the premises in which such function, occasion or event is held. For every permit issued pursuant to the provisions of this section, the permittee shall pay to the director of revenue the sum of ten dollars for each calendar day, or fraction thereof, for which the permit is issued.
 2. All provisions of the liquor control law and the ordinances, rules and regulations of the incorporated city in which is located the premises in which such function, occasion or event is held, shall extend to such premises and shall be in force and enforceable during all the time that the permittee, its agents, servants, employees, or stock are in such premises. This bill will not include the sale of packaged goods covered by this temporary permit.
It is apparent from a reading of the above statute that in order to be eligible for a temporary caterer's permit, the applicant must already possess a retail by drink license issued pursuant to Chapter 311, RSMo. The applicant, if granted the caterer's license, must also furnish "provisions and service" to an event which is held at a specified location other than the premises described in the applicant's state liquor license. The license to be issued shall remain in effect for a period not to exceed one hundred twenty (120) consecutive hours and the event or function must be held at a location within an incorporated city.
The above statute does not specifically define function, occasion or event but does specifically exclude a "festival" as defined in § 316.150, RSMo.
An examination of the Missouri Liquor Control Law reveals a possible conflict between §§ 311.485 and 311.240, RSMo. Section311.240 provides:
 1. On approval of the application and payment of the license tax provided in this chapter, the supervisor of liquor control shall grant the applicant a license to conduct business in the state for a term to expire with the thirtieth day of June next succeeding the date of such license. A separate license shall be required for each place of business. Of the license tax to be paid for any such license, the applicant shall pay as many twelfths as there are months (part of a month counted as a month) remaining from the date of the license to the next succeeding July first. (Emphasis added).
* * *
The legislative intent behind the above statute was apparently to limit the number of licenses to be issued to a liquor establishment to one per establishment. See also, 11 CSR 70-2.120(2).
The courts of this state have adopted the rule of construction that where one statute deals with a subject matter in general and comprehensive terms and another deals with the same subject matter in a more minute and definite way, the special and definite statute would prevail over the general statute. As stated inLaughlin v. Forgrave, 432 S.W.2d 308, 313 (Mo. banc 1968):
 The rule is: `"Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one * * *."' State ex rel. McKittrick v. Carolene Products Co., 346 Mo. 1049, 144 S.W.2d 153, 156
[5]; 50 Am.Jur., Statutes, § 367, p. 371.
Applying the above rules of construction, we conclude that § 311.485 is a specific law respecting temporary caterer's permits, which was enacted after the enactment of § 311.240, relating to licenses, and therefore § 311.485 controls even if there is an inconsistency between it and § 311.240.
Further, applying such rules of construction, we believe that a temporary caterer's permit may be issued for premises, if the requirements of § 311.485 are met, where the particular premises are licensed (to a licensee other than the applicant for a temporary caterer's permit) for a "lesser" grade of intoxicating liquor than that which is authorized to be sold by the caterer despite an arguable conflict between § 311.485 and §§ 311.270 and 312.430, RSMo.
CONCLUSION
It is the opinion of this office that a temporary caterer's permit may be issued by the Missouri Division of Liquor Control to a qualified applicant under § 311.485, RSMo, even though the premises involved are already licensed to a different licensee under other provisions of the state liquor laws.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General